IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| XAVIER L. McCOY, | ) | Civil Action No.: 4:07-cv-3562-PMD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | |
| | ) | REPORT AND RECOMMENDATION |
| RICHARD BAZZLE, WARDEN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## I. PROCEDURAL BACKGROUND

The plaintiff, Xavier L. McCoy, filed this action on October 31, 2007, alleging violations of his constitutional rights.[1] During the time of the matters alleged in his complaint, plaintiff was incarcerated at the Perry Correctional Institution ("PCI"). Defendant filed a motion for summary judgment on March 27, 2008, with a memorandum, affidavit, and exhibits in support of that motion. Because plaintiff is proceeding pro se, he was advised on or about March 28, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendant's motion for summary judgment with additional evidence or counter affidavits could result in the dismissal of his complaint. The plaintiff filed a response on May 21, 2008. (Document #59).

Plaintiff filed motions for summary judgment. (Documents #30, #35, and #57). Defendant responded to these motions. Plaintiff also filed a motion for preliminary injunction on October 31, 2007. (Document #3).

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

## II.  DISCUSSION

### A.  ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

The plaintiff alleges indifference to his dental needs in that he alleges defendant Warden Bazzle declined to have the dental clinic at PCI schedule an appointment for plaintiff to have his teeth cleaned.  Plaintiff asserts the following, quoted verbatim:

> Mr. Richard Bazzle violated the Eighth Amendment by stop me for getting my teeth clean and pull. I am going through pain and suffering of the damage my teeth in, spitting up blood day and night. Mr. Bazzle violate the Eighth amendment when he act with Deliberate indifference to a prison condition that exposes a prisoner to an unreasonable risk of serious harm. . .  Mr. Bazzle act with Deliberate Indifference when he ignore an obvious and serious danger.
>
> I wrote in my complaint upon admission to Perry Correctional facility. I write up Grievance form and the Warden denied my Grievances step #1, Step #2 Grievance. Ignore my medical care. I spend about 23 or 24 hours in the prison cell going through pain and suffering and spitting up blood. It was denied 9/5/07 on Step #2. She denied it. She stated she will not intend to attempt to override the Warden Decision.
>
> Mr. Bazzle refusal to get my mouth fix to stop the damage indifference to an unreasonable risk of serious harm, in violation of the Eighth amendment, for this reason, his motion to dismiss my case should be denied.

(Complaint).

Plaintiff requests injunctive relief and monetary damages. Plaintiff also attached a document to his complaint entitled "Declaration" signed by plaintiff. The entire document states that "I Xavier L. McCoy declare under Penalty of Perjury that the foregoing is true and correct. Executed at: Perry Correction Inst, 430 Oaklawn Rd, Pelzer, S.C. 29669." (Document #1-2).

## B. STANDARD FOR SUMMARY JUDGMENT

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements

3

of his case with respect to which he has the burden of proof.  Celotex, 477 U.S. at 322-323.

## C.  MEDICAL INDIFFERENCE

As set out above in detail, plaintiff alleges that Warden Bazzle was indifferent to his dental needs by failing to have the dental clinic at PCI schedule him for a teeth cleaning and/or teeth pulling.

Defendant submitted the affidavit of Cheryl Willis who attests that she is a dental assistant who has been employed by the South Carolina Department of Corrections for over eleven years and works in the dental clinic at PCI where one of her duties includes scheduling routine dental appointments for SCDC inmates. Willis attests that she is familiar with plaintiff and his request for a teeth cleaning, along with the grievance he filed about the matter. Willis avers that plaintiff approached her about scheduling an appointment for a preventative teeth cleaning in the dental clinic and, that when he made the request, he made sexually offensive and inappropriate comments to her which he refused to discontinue. Willis attests that she explained to plaintiff that his conduct was offensive and frightening and that she would not schedule the appointment if he persisted in the offensive and intimidating behavior. Willis avers that because plaintiff refused to stop acting in the offensive behavior, she chose to delay scheduling the requested appointment for a teeth cleaning. (See Willis affidavit, document #50-3).

Defendant also submitted copies of incident reports on plaintiff from the SCDC. A review of these exhibits reveal that plaintiff has been charged several times for threatening conduct and sexual misconduct for refusing to stop masturbating while at different institutions within the SCDC. Defendant also submitted copies of plaintiff's grievance, Step #1 and #2, with regard to Ms. Willis

4

refusing to schedule an appointment for his teeth cleaning. A review of these grievance forms reveal that plaintiff complained that he could not get an appointment scheduled to have his *teeth cleaned.* (Emphasis added). The response was "I spoke to Ms. Willis about having your teeth clean. She told me you will not be getting your teeth clean because of all your sexual misconduct." The step #2 grievance form reveals that the response to the grievance stated "Your medical record was reviewed in light of your grievance. You have been seen and treated appropriately. The Warden's decision dated August 14, 2007 is a security issue. I do not intend to attempt to override the Warden's decision. Your grievance is denied." (See documents # 59-5).

The undersigned finds that the plaintiff fails to show that defendant was deliberately indifferent to his dental needs. In the case of Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain," Id., quoting Gregg v. Georgia, 428 U.S. 153, 169-73 (1976). The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. . . . We therefore conclude that deliberate indifference to serious medical needs of a prisoner constitutes the "unnecessary and wanton infliction of pain," Gregg v. Georgia, supra, at 173, (joint opinion), proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Estelle, 429 U.S. at 103-105. (Footnotes omitted)

Despite finding that "deliberate indifference to serious medical needs" was unconstitutional,

the court was careful to note, however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation:

> . . . a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle, 429 U.S. at 107.

The Court of Appeals for the Fourth Circuit has also considered this issue in the case of Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness (citation omitted), . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Id. at 851. Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. Estelle, supra; Farmer v. Brennan, 511 U.S. 825 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

Further, incorrect medical treatment, such as an incorrect diagnosis, is not actionable under 42 U.S.C. § 1983. Estelle v. Gamble, supra. Negligence, in general, is not actionable under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 328-36 & n. 3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-48 (1986); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir.1987); and Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995) (applying Daniels vs. Williams and Ruefly v. Landon: "The district court properly held that Daniels bars an action under § 1983 for negligent conduct."). Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under

state law. DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 200-03 (1989). Similarly, medical malpractice is not actionable under 42 U.S.C. § 1983. Estelle v. Gamble, supra, at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.") See also Brooks v. Celeste, F. 3d 125 (6th Cir. 1994) (Although several courts prior to the Supreme Court's decision in Farmer v. Brennan, supra, held that "repeated acts of negligence could by themselves constitute deliberate indifference, Farmer teaches otherwise."); Sellers v. Henman, 41 F.3d 1100, 1103 (7th Cir. 1994) ("If act A committed by the X prison shows negligence but not deliberate indifference, and B the same, and likewise C, the prison is not guilty of deliberate indifference."); White v. Napoleon, 897 F.2d 103, 108-109 (3rd Cir. 1990); and Smart v. Villar, 547 F.2d 114 (10th Cir. 1976) (affirming summary dismissal).

Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F. 2d 811, 817 (1st Cir. 1988). Although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary. See Brown v. Thompson, 868 F. Supp. 326 (S.D.Ga. 1994). Further, a disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. See Smart v. Villar, 547 F. 2d 112 (10th Cir. 1976); Lamb v. Maschner, 633 F. Supp. 351, 353 (D.Kan. 1986). Mistakes of medical judgment are not subject to judicial review in a § 1983 action. Russell v. Sheffer, 528 F. 2d 318, 319 (4th Cir. 1975)

In order to establish a prima facie case under the Eighth Amendment, plaintiff must show that, objectively assessed, he had a "sufficiently serious" medical need to require treatment. Brice v. Virginia Beach Correctional Center, 58 F.3d 101, 104 (4th Cir. 1995) (citing cases). "A medical

7

need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.' " Coppage v. Mann, 906 F. Supp. 1025, 1037 (E.D. Va. 1995) (quoting Monmouth Co. Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 450 U.S. 1041 (1981)). Plaintiff has failed to meet this burden. Plaintiff asserts he was denied a professional teeth cleaning, which is a preventative procedure. Plaintiff's desire to have a his teeth cleaned is not considered a serious medical need. Plaintiff has also asserted that he needed teeth pulled but has not provided any evidence other than his bald allegations. Plaintiff has not provided any evidence that any denial of dental treatment or delay in having his teeth cleaned and/or pulled caused him to suffer any life threatening medical problems or serious injury.[2] Furthermore, even though plaintiff was denied his request for a teeth cleaning at PCI, it does not amount to a constitutional violation. Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which she was aware at the time, plaintiff may not prevail. Estelle, supra. Accordingly, defendant's motion for summary judgment should be granted with respect to any claim for medical indifference.[3]

---

[2] It is noted that plaintiff was transferred to McCormick Correctional Institution on or about February 19, 2008, and has not provided any medical evidence that he has had teeth pulled or that he sustained any damage to his teeth as a result of being denied his request to have his teeth cleaned at PCI.

[3] Defendant states in his memorandum, that he has asserted the defense of qualified immunity and Eleventh Amendment immunity, in addition to other defenses. Defendant requests that he be allowed to file a supplemental memorandum, if necessary, to address these other legal defenses and any additional defenses set forth in the Answer if summary judgment is not granted on the grounds presented.

Additionally, based on the affidavit of Willis and the response to the grievances, the reason plaintiff was denied an appointment for a teeth cleaning was due to his own actions of making sexually offensive comments and/or acting in an inappropriate manner which defendant Warden Bazzle considered to be a security risk. (See response to Grievance #2). The response to plaintiff's grievance stated that plaintiff was denied an appointment for a teeth cleaning based on his actions creating a security concern. Decisions relating to the day-to-day operation of prisons are entrusted to the officials of the particular institution or correctional system. See <u>Olim v. Wakinekona</u>, <u>supra</u>. Federal courts must accord deference to state corrections departments with respect to the operation of the particular institution or prison system. <u>Block v. Rutherford</u>, <u>supra</u>; <u>Rhodes v. Chapman</u>, <u>supra</u>. As previously discussed, the Supreme Court noted that the administration of detention facilities is a complex task, with numerous administrative goals, including, among other things, the maintenance of order and discipline within the facility and the prevention of escapes. These complex responsibilities are "not readily susceptible of resolution by decree" by the courts, because they require both expertise and the commitment of a variety of resources, which the states implement with extensive planning. The Supreme Court also noted that unless some practice offends constitutional principles, federal courts should decline to second-guess decisions made by prison officials.

### D. INJUNCTIVE RELIEF

Plaintiff filed a motion for injunctive relief on October 31, 2007, requesting that he be transferred to another institution. Further, plaintiff requests injunctive relief as part of the relief portion in his complaint. However, any claims for injunctive relief are moot in that plaintiff is no longer located at the PCI. Claims for injunctive and declaratory relief become moot when a prisoner

9

is no longer subjected to the condition complained of. <u>Williams v. Griffin</u>, 952 F.2d 820, 825 (4th Cir. 1991); <u>Ross v. Reed</u>, 719 F.2d 689, 693 (4th Cir. 1983). Plaintiff filed a notice of change of address with the court on February 19, 2008. Accordingly, it is recommended that these motions be deemed MOOT.

### III.  PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT

As previously stated, plaintiff has filed motions for summary judgment. (Documents #30, #35, and #57). Defendant filed responses. Based on the above analysis, it is recommended that plaintiff's motions for summary judgment be denied.

### IV.  CONCLUSION

The plaintiff has failed to show that defendant violated any of his constitutional or statutory rights under 42 U.S.C. § 1983.  It is therefore, for the reasons stated herein,

RECOMMENDED that the motion filed by defendant (document #50) for summary judgment be GRANTED IN ITS ENTIRETY and motions for summary judgment (documents # 30, #35, and #57) filed by plaintiff be DENIED.

IT IS FURTHER RECOMMENDED that any other outstanding motions be deemed MOOT.

Respectfully submitted,

s/Thomas E. Rogers, III
THOMAS E. ROGERS, III
UNITED STATES MAGISTRATE JUDGE

July 9, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**